UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JAIME EDUARDO MONTANA-EQUIHUA<br><br>　　　　　　　　　　Defendant. | Case No.: 20-CR-3528-DMS-1<br><br>**ORDER DENYING MOTION FOR HARDSHIP CREDIT FOR HARD TIME SERVED** |

Presently before the Court is Defendant Jaime Eduardo Montana-Equihua's Motion for Hardship Credit for Hard Time Served. (ECF No. 51.) For the reasons set out below, Defendant's motion is denied.

**I.**

**BACKGROUND**

Defendant Montana-Equihua was sentenced by this Court on June 4, 2021, to 30 months imprisonment for violation of 8 U.S.C. § 1326, being a removed alien in the United States. (ECF No. 47.) On August 31, 2021, he filed the instant motion, which the government opposed. (ECF Nos. 51, 53.)

///

## II.

## DISCUSSION

Defendant Montana-Equihua contends that he should receive two days credit for each day served due to the harsh conditions of confinement at Metropolitan Correctional Center in San Diego and Giles W. Dalby Correctional Institution in Texas. (ECF No. 51 at 1.) Defendant's motion focuses on the conditions at the latter facility. *Id.* at 2. Though he was not sentenced until June 4, 2021, Defendant states these conditions have been ongoing since the start of the COVID-19 pandemic in March 2020. *Id.* at 3. The harsh conditions include, *inter alia*, reduced access to medical care; a lack of recreational services and time outside of inmates' cells; and degraded facility cleanliness and resources for personal hygiene. *Id.* at 2–3. Defendant submits that protections under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution warrant his requested relief. *Id.* at 1. The government opposes defendant's motion on numerous grounds. (ECF No. 53.)

The Court recognizes the toll of COVID-19 on those in custody. However, a federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Indeed, "A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances," none of which Defendant articulates here. *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing § 3582(b)). As this Court has already sentenced Defendant, any calculation of credit for time served is within the exclusive province of the Bureau of Prisons ("BOP"). *See United States v. Peters*, 470 F.3d 907, 908 (9th Cir. 2006) (per curiam) (holding district courts lack authority to give credit for time served).

To the extent Defendant argues the BOP has incorrectly calculated his time-served credit, he must first exhaust his administrative remedies through the BOP before petitioning for judicial review. *See id.; see also United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992) (requiring exhaustion of administrative remedies before seeking review of time-

served credits). Defendant has made no argument or showing that he exhausted his administrative remedies. After doing so, he would then need to file a motion under 28 U.S.C. § 2241 in the district in which he is confined. The Giles W. Dalby facility is in Garza County, in the Northern District of Texas, Lubbock Division. *See* 28 U.S.C. § 124(a)(7).

Similarly, to the extent that Defendant challenges his conditions of confinement, he must file a motion in the district in which he is confined, per 28 U.S.C. § 2241. *See also Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (noting that generally "petitions that challenge the manner, location, or conditions of a sentence's execution must brought pursuant to § 2241 in the custodial court."). To the extent Defendant seeks compassionate release, he must first exhaust his administrative remedies through the BOP. 18 U.S.C. § 3582(c)(1)(A).

The Court's denial here accords with those in numerous similar hardship credit orders issued in the wake of the COVID-19 pandemic.[1] This includes denials of identical form motions filed in this District by those in custody in the Giles W. Dalby facility. *See USA v. Acosta-Ochoa*, No. 20-CR-01343-WQH-1, ECF No. 40 (S.D. Cal. Sept. 30, 2021); *USA v. Saldana-Alvizo*, No. 20-CR-02695-CAB-1, ECF No. 39 (S.D. Cal. Aug. 31, 2021).

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] *See, e.g.*, *United States v. Guillen-Moreno*, No. 17-CR-431-5, 2021 WL 1550046, at *1 (S.D. Tex. Apr. 19, 2021); *United States v. Mitchell*, No. 15-20609, 2021 WL 1827202, at *1 (E.D. Mich. May 7, 2021); *United States v. Bear*, No. 19-CR-10034-CBK, 2021 WL 1925488, at *1 (D.S.D. May 13, 2021); *United States v. Phillips,* No. 3:18-CR-142-BJD, 2021 WL 3666324, at *1 (M.D. Fla. Aug. 18, 2021); *United States v. Nevarez-Ledezma*, No. 19-CR-1379-KG, 2021 WL 4430157, at *1 (D.N.M. Sept. 27, 2021).

## III.

## CONCLUSION AND ORDER

The Court does not have a basis upon which to grant Defendant's requested relief. Thus, Defendant's motion for hardship credit for hard time served is denied.

**IT IS SO ORDERED.**

Dated: November 1, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court